UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PAUL JONES, | Case No. 2:25-cv-1488-JDP (P) |
| Petitioner, | |
| v. | ORDER |
| WARDEN, | |
| Respondent. | |

      Petitioner, a state prisoner, brings this action under section 2254.  ECF No. 1.  His petition fails to state an intelligible federal habeas claim, however.  I will dismiss the petition with leave to amend so that he may, if he can, better articulate his claims and explain whether he exhausted them in state court.  I will also deny his motion to appoint counsel, ECF No. 2.

      The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

      Petitioner raises five grounds in his petition, but none are adequately described.  First, he

1 argues that prison guards are not sufficiently qualified to serve as expert witnesses, but he does
2 not explain why or how that assertion serves to overturn his conviction. ECF No. 1 at 2. Second,
3 he alleges that the trial judge never ruled on "a motion filed for witnesses." *Id.* Again, he does
4 not provide any details. Third, he claims that the trial judge denied several requests for a
5 continuance, but he does not allege how this prejudiced him. *Id.* Fourth, he claims that the trial
6 court erred in allowing him to represent himself. *Id.* Fifth, he claims that both his trial and
7 appellate counsel were ineffective, but he offers no argument as to what they did or failed to do.
8 *Id.* These allegations are too vague to proceed. Additionally, it is unclear if these claims were
9 properly exhausted in state court before being presented here. To aid in that determination,
10 petitioner should use the form that will be sent to him with this order. His amended petition, if he
11 chooses to file one, should be titled "First Amended Petition." It will supersede his initial petition
12 and must be complete in itself without reference to any other filing.

13       Petitioner's motion to appoint counsel is denied. ECF No. 2. Therein, he argues that
14 mental issues, including post traumatic stress syndrome and schizophrenia, coupled with his
15 limited education make litigating this matter impossible. He also requests a psychiatric
16 evaluation. Petitioner has no right to counsel in these proceedings and I am disinclined to appoint
17 counsel at this juncture, before I can determine whether any of his claims have any possibility of
18 merit. I am inclined to revisit appointment of counsel when and if any claims move past
19 screening.

20       Accordingly, it is ORDERED that:

21     1.    The petition, ECF No. 1, is DISMISSED with leave to amend.

22     2.    Within thirty days from service of this order, petitioner shall file either (1) an
23 amended petition or (2) notice of voluntary dismissal of this action without prejudice.

24     3.    Failure to timely file either an amended petition or notice of voluntary dismissal
25 may result in the imposition of sanctions, including a recommendation that this action be
26 dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

27     4.    The Clerk of Court shall send petitioner a habeas petition form with this order. If
28 he files an amended complaint, he must use this form.

5. Petitioner's motion to appoint counsel, ECF No. 2, is DENIED.

IT IS SO ORDERED.

Dated:   October 20, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE